# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**DUSTIN WESTBERRY, on behalf of
himself and those similarly situated,**

     **Plaintiffs,**

**v.**                                 **Case No.  8:12-cv-486-T-30TGW**

**WILLIAM JOULE MARINE TRANSPORT,
INC. and WILLIAM JOULE,**

     **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Summary Judgment (Dkt. 18) and Defendants' Motion for Summary Judgment (Dkt. 19).  The Court, having reviewed the motions, responses, record evidence, and being otherwise advised in the premises, concludes that Plaintiffs' motion should be granted in part and Defendants' motion should be denied.

## BACKGROUND

The facts of this case are largely undisputed.  Plaintiff Dustin Westberry filed the instant action against Defendants on behalf of himself and those similarly situated under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages.  Subsequently, Plaintiff Todd Fancher filed a notice of consent to join.

Defendant William Joule Marine Transport, Inc. ("WJMT") is a marine transporter. It hauls vessels (mostly boats but occasionally airplane parts and marine products) long distances on highways. Defendant William Joule is the President of WJMT. WJMT hires drivers to drive 18-wheeler semi-trucks, weighing more than 10,000 pounds, to carry the vessels. WJMT hires escort drivers to follow the semi-trucks on the road and assist with blocking intersections or stopping traffic when needed. Escort drivers drive a Chevy, GMC, or Dodge pick-up truck, weighing less than 10,000 pounds.

Plaintiffs worked for WJMT as escort drivers. Westberry worked for WJMT from May 17, 2010 through August 8, 2010; Fancher worked for WJMT from September 22, 2010 through October 27, 2010. Plaintiffs were paid a daily rate of $125.00. Plaintiffs were not paid any overtime compensation for hours worked in excess of forty within a work week. Plaintiffs worked in excess of forty hours in one or more weeks while employed with WJMT.

Plaintiffs and Defendants move for summary judgment on the issue of whether Plaintiffs were exempt from the FLSA's overtime provisions based on the Motor Carrier Act ("MCA") exemption. For the reasons discussed below, the Court concludes that Plaintiffs are entitled to overtime compensation. However, Plaintiffs are not entitled to liquidated damages.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317,

322 (1986).  The existence of some factual disputes between the litigants will not defeat an

otherwise properly supported summary judgment motion; "the requirement is that there be

no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248

(1986) (emphasis in original).  The substantive law applicable to the claimed causes of action

will identify which facts are material.  *Id.*  Throughout this analysis, the court must examine

the evidence in the light most favorable to the non-movant and draw all justifiable inferences

in its favor.  *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the

absence of a genuine issue of material fact, whether or not accompanied by affidavits, the

nonmoving party must go beyond the pleadings through the use of affidavits, depositions,

answers to interrogatories and admissions on file, and designate specific facts showing that

there is a genuine issue for trial.  *Celotex,* 477 U.S. at 324.  The evidence must be

significantly probative to support the claims.  *Anderson,* 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage.

*Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 564 (11th Cir. 1990).  "[I]f factual

issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee*

*Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983).  A dispute about a

material fact is genuine and summary judgment is inappropriate if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248;

*Hoffman v. Allied Corp.,* 912 F.2d 1379 (11th Cir. 1990).  However, there must exist a

conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

### I.      Statutory Background

The FLSA sets a soft cap of forty hours per week that an employer can require its employees to work. *See* 29 U.S.C. § 207(a)(1). For every hour an employee works over forty hours, the employer must pay one and one-half times the employee's regular rate of pay. *See id.* The FLSA exempts certain classes of employees from its overtime protections. *See* 29 U.S.C. § 213. When an employer contends that its employees are not entitled to overtime, the burden is on the employer to establish the employees are exempt and all exemptions are construed narrowly against the employer. *See Walters v. Am. Coach Lines of Miami, Inc.,* 575 F.3d 1221, 1226 (11th Cir. 2009) (per curiam) (citing *Jeffery v. Sarasota White Sox, Inc.,* 64 F.3d 590, 594 (11th Cir. 1995) (per curiam)). Defendants argue that the Motor Carrier Act exemption, 29 U.S.C. § 213(b)(1), applies to Plaintiffs.

### II.     The Motor Carrier Act Exemption

The Motor Carrier Act ("MCA") exemption provides that any employee over whom "the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49," is not entitled to overtime. *Id.* The Secretary of Transportation has this power over "employees of ... a motor carrier," 49 U.S.C. § 31502(b)(1), but only if the motor carrier transports passengers, among other things, "between a place in a State and a place in another State". 49 U.S.C. § 13501(1)(A).

Thus, if an individual is employed by a motor carrier that transports passengers in interstate commerce, he or she is not entitled to overtime.  Although the language of the exemption seems straightforward, the term "motor carrier" is not self-defining and has meant different things over the years.

Prior to August 10, 2005, a motor carrier was defined under the MCA as "a person providing motor vehicle transportation for compensation."  49 U.S.C. § 13102(12) (2004). On August 10, 2005, Congress enacted the Safe, Accountable, Flexible and Efficient Transportation Equity Act: A Legacy for Users (the "SAFETEA–LU"), amending the definition of motor carrier and motor private carrier to include only commercial motor vehicles. 49 U.S.C. § 13102(14) (2005).  This amendment had the effect of altering the class of employees exempt from the FLSA and removing from the Secretary of Transportation's jurisdiction any employee who did not operate a commercial motor vehicle.  *See* 49 U.S.C. § 31132(1).  Under the 2005 amendment, commercial vehicles were defined as vehicles having "a gross vehicle weight rating or gross vehicle weight of at least 10,001 pounds."  49 U.S.C. § 31132(1)(A).

On June 6, 2008, Congress enacted the SAFETEA–LU Technical Corrections Act of 2008 (the "TCA"). Pub.L 110–224, 122 Stat. 1572 (2008).  Section 305 of the TCA replaced the previously changed language in SAFETEA–LU, restoring the 2004 "motor carrier" language in lieu of the 2005 commercial motor vehicle definition.  However, Section 306(c) of the TCA provided that the FLSA shall apply to a "covered employee" notwithstanding

Section 13(b)(1) (the exemptions section) of the FLSA.  The TCA defined a "covered employee" as one:

> (1) who is employed by a motor carrier or motor private carrier (as such terms are defined by Section 13102 of Title 49, United States Code, as amended by Section 305);
>
> (2) whose work, in whole or part, is defined--
>
>> (A) as that of a driver, driver's helper, loader, or mechanic; and
>>
>> (B) as affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce, except vehicles--
>>
>> (i) designed or used to transport more than 8 passengers (including the driver) for compensation;
>> (ii) designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or
>> (iii) used in transporting material found by the Secretary of Transportation to be hazardous . . .; and
>
> (3) who performs duties on motor vehicles weighing 10,000 pounds or less.

Pub.L 110–224, 122 Stat. 1572 (2008).

The TCA made two important changes.  First, it restored the previous definition of "motor carrier" to "a person providing motor vehicle transportation, which expanded the scope of the Department of Transportation's authority to entities that operated any kind of vehicle.  *See Bedoya v. Aventura Limousine & Transp. Service, Inc.*, 2012 WL 3962935, at *1-4 (S.D. Fla. Sep. 11, 2012) (citing *Allen v. Coil Tubing Servs., L.L.C.,* 846 F. Supp. 2d 678, 704 (S.D. Tex. 2012)); *see also Hernandez v. Alpine Logistics, LLC,* 2011 WL 3800031, at *4 (W.D. N.Y. Aug. 29, 2011) (the TCA "reinstat [ed] the jurisdiction of the Secretary of Transportation over drivers of both large and small vehicles").

The second change the TCA set in place retained the centrality of a vehicle's capacity and weight to the question whether an employee was entitled to overtime. This portion of the TCA provides, in relevant part, that a "covered employee", to wit, an individual whose work, in whole or in part, requires the operation of vehicles that weigh less than 10,001 pounds, is entitled to overtime notwithstanding the MCA exemption. *See Hernandez,* 2011 WL 3800031, at *4 (noting that the TCA "explicitly amended the FLSA to provide that drivers who met the definition of a covered employee would be entitled to overtime compensation regardless of whether or not the Transportation [Secretary] had jurisdiction to regulate the hours and conditions of those drivers." (citing *Miller v. Prof'l Transp., Inc.,* 2010 WL 3398935, at *4 (S.D. Ind. Aug. 25, 2010)).

## III.    The Parties' Motions for Summary Judgment

Based on the same set of undisputed facts, the parties argue that they are entitled to summary judgment. Specifically, Defendants argue that the MCA exemption applies to Plaintiffs and Plaintiffs argue that they are "covered employees" under the TCA and are therefore entitled to overtime compensation. The Court agrees with Plaintiffs. Defendants' argument assumes that the TCA does not apply because Plaintiffs, as escort drivers, affected the safety of operation of motor vehicles weighing 10,001 pounds or more in transportation on public highways in interstate or foreign commerce. Although there is a dearth of case law on this issue and no case that is factually similar, the Court concludes that the TCA applies. Notably, although Plaintiffs as escort drivers affected the safety of the operation of the 18-wheeler semi-trucks, i.e., motor vehicles weighing 10,001 pounds or more, Plaintiffs also

affected the safety of the operation of the vehicles *they* were driving and those vehicles undisputably weighed 10,000 pounds or less.  Thus, Plaintiffs are covered employees because their work, at least in part, was that of a driver affecting the safety of the operation of a vehicle weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce, and who performed duties on that vehicle.

The Court's conclusion is consistent with the cases stated above that generally hold that an individual whose work, in whole or in part, requires the operation of vehicles that weigh less than 10,001 pounds is entitled to overtime notwithstanding the MCA exemption. The Department of Labor's Field Assistance Bulletin No. 2010-2, dated November 4, 2010, also supports this conclusion.  Notably, this bulletin contains a chart which is instructive on the TCA and an employee's exempt or nonexempt status based on particular facts.  The chart applies to a "driver, driver's helper, loader or mechanic whose work affects the safe operation of motor vehicles on public highways in interstate or foreign commerce and performs such duties on the following vehicles" and lists "exclusively on a motor vehicle that weighs 10,000 pounds or less", which applies to the instant case, and labels that person "nonexempt entirely".

In sum, although there is no biding precedent on this issue, the Court concludes that, under the undisputed facts of this case, Plaintiffs are covered employees under the TCA and entitled to overtime compensation.

IV.    **Plaintiffs' Request for Liquidated Damages**

Plaintiffs argue that the record reflects that they are entitled to liquidated damages. The Court disagrees.  An employer who violates the overtime provisions of the Fair Labor Standards Act "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  If the employer shows that the "act or omission ... was in good faith and that [defendant] had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]", the Court may award no liquidated damages.  29 U.S.C. § 260.  "An employer who seeks to avoid liquidated damages bears the burden of proving that its violation was 'both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict.'"  *Joiner v. City of Macon,* 814 F.2d 1537, 1539 (11th Cir. 1987) (citations omitted).  "Thus, the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith.  In other words, liquidated damages are mandatory absent a showing of good faith." *Id.* (citation omitted).

The record reflects that WJMT did not intentionally violate the FLSA by refusing to pay overtime to its escort drivers.  Rather, it is clear that from 2005 to 2008, the status of the Motor Carrier Exemption was unclear.  And the Court submits that the TCA is ambiguous to the extent that it applies to drivers of vehicles weighing 10,000 pounds or less, but whose main purpose is to escort much larger vehicles, i.e., weighing 10,001 pounds or more.  Also,

after the adoption of the TCA, Joule, WJMT's President, testified that the Department of Labor, specifically, David King from the Tampa office, told him that he did not have to pay his escort drivers overtime.  He also testified that his mother conducted research on the Internet and determined that WJMT did not have to compensate its escort drivers for overtime because their purpose was to ensure the safety of the 18-wheeler semi-trucks.  Joule also testified that it was standard in the industry not to pay escort drivers overtime compensation.

Upon consideration of the record, and in light of the lack of binding precedent on the application of the TCA under these facts, the Court concludes that WJMT acted in good faith, predicated upon reasonable grounds.  Accordingly, Plaintiffs' motion for summary judgment with respect to liquidated damages is denied.

It is therefore ORDERED AND ADJUDGED that:

1.    Plaintiffs' Motion for Summary Judgment (Dkt. 18) is granted to the extent that the Court holds, as a matter of law, that Plaintiffs are entitled to overtime compensation; Plaintiffs' Motion is otherwise denied.

2.    Defendants' Motion for Summary Judgment (Dkt. 19) is denied.

**DONE** and **ORDERED** in Tampa, Florida on February 22, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2012\12-cv-486.msjs18&19.frm