**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DUSTIN WESTBERRY, on behalf of**
**himself and those similarly situated,**

    **Plaintiffs,**

v.                                                                   Case No.  8:12-cv-486-T-30TGW

**WILLIAM JOULE MARINE TRANSPORT,**
**INC. and WILLIAM JOULE,**

    **Defendants.**
_____/

## DEFAULT FINAL JUDGMENT AGAINST DEFENDANT WILLIAM JOULE MARINE TRANSPORT, INC.

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Default Final Judgment against Defendant William Joule Marine Transport, Inc. (Dkt. 34), and Plaintiffs' supporting affidavits regarding same. The Court, having reviewed the motion, affidavits, and being otherwise advised in the premises, concludes that Plaintiffs' motion should be granted.

### BACKGROUND

Plaintiff Dustin Westberry filed the instant action against Defendants on behalf of himself and those similarly situated under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages. Subsequently, Plaintiff Todd Fancher filed a notice of consent to join.

Defendant William Joule Marine Transport, Inc. ("WJMT") is a marine transporter. It hauls vessels (mostly boats but occasionally airplane parts and marine products) long

distances on highways. Plaintiffs worked for WJMT as escort drivers. Westberry worked for WJMT from May 17, 2010 through August 8, 2010; Fancher worked for WJMT from September 22, 2010 through October 27, 2010. Plaintiffs were paid a daily rate of $125.00. Plaintiffs were not paid any overtime compensation for hours worked in excess of forty within a work week. Plaintiffs worked in excess of forty hours in one or more weeks while employed with WJMT.

On February 20, 2013, the Court granted Defendants' counsel's motion to withdraw and directed WJMT to retain new counsel within fourteen days. On February 22, 2013, the Court granted Plaintiffs' motion for summary judgment to the extent that it held, as a matter of law, that Plaintiffs were entitled to overtime compensation.

On April 25, 2013, Plaintiffs filed a motion for court's default against WJMT for its failure to retain counsel, which the Court granted on April 29, 2013. The Court directed Plaintiffs to file a motion for default judgment against WJMT within fourteen days. The Court subsequently granted Plaintiffs request for an extension of time to file their motion for default judgment.

Plaintiffs' motion for default judgment requests damages for overtime compensation, attorney's fees, and costs against WJMT. The Court concludes that the record establishes Plaintiffs' damages.

## DISCUSSION

### I. WJMT Is an Employer Covered and Subject to the FLSA

Plaintiffs alleged in their complaint that WJMT, during the material times, was an enterprise covered by the FLSA; WJMT admitted this allegation in its answer. Plaintiffs' affidavits establish that WJMT had gross earnings of more than $500,000 per year during the material times. Plaintiffs' affidavits also present evidence that WJMT engaged in interstate commerce because at least two employees handled goods or materials that had been moved in or produced for interstate commerce.

### II. Overtime Compensation

As set forth above, the Court previously ruled that Plaintiffs were entitled to overtime compensation as a matter of law. Plaintiffs' affidavits establish the amount of overtime compensation they are owed. Accordingly, Westberry is entitled to **$4,489.10** and Fancher is entitled to **$2,657.20**.

### III. Attorney's Fees and Costs

An additional element of Plaintiffs' claims is the recovery of attorney's fees and costs. Specifically, 29 U.S.C. §216(b) authorizes an award of attorney's fees and costs to the prevailing plaintiff in any proceeding to enforce the provisions of the FLSA.

The Court concludes that Plaintiffs are entitled to costs in the amount of **$1,176.00**.[1]

---

[1] The Court will not award Plaintiffs costs for mediation fees and Westlaw research charges because they are not recoverable.

The Court also concludes that Plaintiffs are entitled to attorney's fees in the amount of **$18,061.50**. This amount is reasonable in light of the work Plaintiffs' counsel and paralegal performed in this case as demonstrated in the time records attached to the affidavit of Carlos Leach, Esquire. The Court also finds the hourly rate for Mr. Leach of $325.00 and the paralegal rate of $105.00 to be reasonable rates.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion for Default Final Judgment against Defendant William Joule Marine Transport, Inc. (Dkt. 34) is GRANTED to the extent stated herein.

2. The Clerk of Court is directed to enter a final judgment in favor of Plaintiffs and against Defendant William Joule Marine Transport, Inc. in the amount of **$26,383.80**.

3. Plaintiffs shall file a notice with the Court within fourteen (14) days of this Order advising the Court whether they intend to prosecute this case any further against *pro se* Defendant William Joule. If Plaintiffs do not notify the Court of their intention by this time, the Court will direct the Clerk to close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 30, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-486.defaultFJ.frm